UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| WILLIAM DAVIDSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:12-cv-00190-GZS |
| | ) |
| NEW JERSEY, *In Parole, in* | ) |
| *Extradition at Sanity,* | ) |
| | ) |
| Defendant | ) |

**RECOMMENDED DECISION**

William Davidson, an inmate at Atlanta County Justice Facility, Mays Landing, New Jersey, seeks leave to proceed in forma pauperis. The Application to proceed in forma pauperis has been completed by plaintiff and is accompanied by a printout of his prison account for the period of April 21, 2012, to June 21, 2012. The printout indicates that there has only been one deposit of $1.40 and that the current balance is -$182.85. It would appear that Davidson qualifies for in forma pauperis status, but before his motion could be granted I am required to screen his complaint pursuant to 28 U.S.C. § 1915A because Davidson is currently incarcerated. As part of that screening process I am required to determine whether on three or more occasions, while incarcerated or detained in any facility, Davidson has brought an action or appeal in a court of the United States that was dismissed for being frivolous or malicious, for failing to state a claim, or for seeking monetary relief against a defendant who is immune from such relief pursuant to 28 U.S.C. § 1915(g). Furthermore, even if Davidson elected to proceed with this action by paying the entire filing fee, his complaint is likely to be summarily dismissed as legally frivolous and/or malicious, because it fails to state a claim and this Court lacks subject matter jurisdiction as explained more fully below.

Davidson is a serial litigator who has filed suits throughout the country. The most recent United States party/case data base information indicates he has filed over thirty lawsuits just since January 2011. See, e.g., Davidson v. Massachusetts, 1:11-cv-10194-RWZ (D. Mass.) (February 28, 2011, Zobel, D.J., Order Dismissing Case); Davidson v. New York City, et al., 1:11-cv-00453-RRM-LB (E.D.N.Y.) ( Feb. 28, 2011, Mauskopf, D.J., Order Dismissing Case); Davidson v. John Doe, 9:11-cv-00163-TJM-ATB (N.D.N.Y.) ( July 21, 2011, McAvoy, D.J., Order Dismissing Case); and Davidson v. Warden, 9:11-cv-00849-NAM-DRH (N.D.N.Y.) (January 25, 2012, Mordue, D.J., Order Dismissing Case). Looking for three prior cases that Davidson filed while incarcerated that were dismissed with prejudice on the basis of one of the enumerated grounds is a bit like looking for needles in a haystack. The Memorandum and Order entered by United States District Judge Rya Zobel is illustrative of the problem. Judge Zobel noted that when that complaint was filed, it was unclear whether or not Davidson was actually incarcerated. She concluded that there was a separate basis for immediate sua sponte dismissal of his case because there was no bona fide federal claim asserted and thus no basis for a federal court to exercise subject matter jurisdiction. Judge Zobel also noted that the Commonwealth of Massachusetts was not subject to suit in the federal district court in Massachusetts under the doctrine of sovereign immunity, citing Alabama v. Pugh, 438 U.S. 781 (1978) (per curiam). Judge Zobel dismissed the matter in its entirety without undertaking an analysis of whether or not Davidson was barred by the "three strikes" rule. Davidson v. Massachusetts, supra.

In the case currently before this Court Davidson has established that he is currently incarcerated. His complaint, however, is similar to the Massachusetts complaint in that it is totally unintelligible and does not state any cognizable claim. The following prose is indicative of the entire tenor of the complaint:

2

> My plea in context is my setting.  This is action in the way doubt is at
> facile to say it is in anti liability or to stay.  This is to assume at a way to my
> conduct is a limb.  This is not inferring to court, or at helping a turn at conduct is
> in defense.  This is to allege in being on its possibility at a show internal it did
> draw at.  This is my parole.

(Compl. at 3, ECF No. 1.)

Furthermore, Davidson has named as his only defendant "New Jersey, in parole in extradition at sanity."  Judge Zobel's conclusion that Davidson's complaint was subject to sua sponte dismissal based on sovereign immunity and other various grounds applies with equal force to the complaint filed in this action, whether or not this Court determined that Davidson was eligible to proceed in forma pauperis.

In the event this Court determines that sua sponte dismissal is not warranted, I would nevertheless recommend that the Court deny Davidson in forma pauperis status pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g).  In Davidson v. Warden, supra, Judge Mordue painstakingly catalogued Davidson's history of litigation, noting that in the Northern District of New York alone Davidson had filed over 20 pro se cases and that he additionally litigated at least fifteen other pro se prisoner civil rights actions in the Second Circuit.  As of January 2012, Judge Mordue accounted for five prior cases which had determined that Davidson had at least three strikes, including his own earlier decision in Davidson v. Lavalley, 9:11-cv-0982 (N.D.N.Y.) (ECF No. 5).  In the Lavalley case the judge identified six cases from the eastern and southern districts of New York that established that Davidson had accumulated at least three strikes in earlier litigation.  While I have not personally reviewed on PACER every case cited in the two cases authored by Judge Mordue, and none of those cases are published opinions, I am satisfied that pursuant to the provisions of § 1915(g), Davidson should not be allowed to proceed

3

in this Court as an in forma pauperis litigant and that if he does not pay the filing, that fact alone would serve as a basis for dismissal of this case.

## Conclusion

Based upon the foregoing, I recommend that the Court deny Davidson's application to proceed in forma pauperis. I further recommend that regardless of whether or not Davidson pays the filing fee or is allowed to proceed in forma pauperis, this Court should summarily dismiss the complaint with prejudice based upon lack of subject matter jurisdiction and failure to state a claim.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

July 2, 2012                                   /s/ Margaret J. Kravchuk
                                               U.S. Magistrate Judge